UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21148-DPG

INGRID PRINCE,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE OF FLORIDA,
JP CHASE BANK, REGIONS BANK, and
CHRISTOPHER X REGION BANK MAN,

    Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action on March 11, 2025. [ECF No. 1]. The Plaintiff has not paid the filing fee, and the Clerk has entered a Notice of Filing Deficiency [ECF No. 4]. Because Plaintiff has not paid the filing fee, the Court construes her failure to do so as a request for leave to proceed *in forma pauperis*. Therefore, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

The Court is first obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

In her Complaint, Plaintiff asserts fraud and conversion claims against American Bankers Insurance of Florida, JP Chase Bank, Regions Bank, and "Christopher x region bank man" (the "Defendants"). [ECF No. 1]. She alleges, in limited and confusing detail, that Defendants are "intentionally conspiring with rogue police to sabotage and flag her bank

account." *Id*. at 1. Plaintiff also claims that the Defendant banks illegally eavesdropped on her and are refusing to cash her checks. *Id*. at 3.

The Complaint must be dismissed because Plaintiff does not explain how this Court has subject matter jurisdiction over her claims. The Complaint asserts no basis for subject matter jurisdiction. While the Civil Cover Sheet states that there is diversity jurisdiction, Plaintiff does not allege the Citizenship of all the parties and does not clearly allege the amount in controversy. Therefore, this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff's claims are also subject to dismissal for failure to state a claim. Federal Rule of Civil Procedure 9(b) requires that fraud claims be pled with particularity. Here, Plaintiff fails to do so. Plaintiff alleges broadly that Defendants committed fraud, but she does not describe with particularity the fraudulent conduct or distinguish the conduct of each Defendant. As a result, the Complaint must also be dismissed for this reason.

Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE